NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONG BAO HUA, | No. 07-73754 |
| Petitioner, | Agency No. A098-270-250 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 9, 2011
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and GERTNER, District
Judge.**

Petitioner Long Bao Hua, a native and citizen of Vietnam, petitions for

review of the Board of Immigration Appeals (BIA)'s affirmance of the

Immigration Judge (IJ)'s denial of his application for political asylum pursuant to 8

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The Honorable Nancy Gertner, District Judge for the U.S. District
Court for Massachusetts, Boston, sitting by designation.

U.S.C. § 1158.  Following two merits hearings, the IJ denied Hua relief, finding his testimony "utterly incredible" and holding that Hua had failed to establish either past persecution or a well-founded fear of future persecution.  Hua timely petitioned for review.  We deny the petition.

We have jurisdiction to review the agency's final order of removal pursuant to 8 U.S.C. § 1252(a)(1).  "Where . . . the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).  Adverse credibility determinations are reviewed for substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  This means that the agency's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); *see also, e.g.*, *Morales v. Gonzales*, 478 F.3d 972, 977 (9th Cir. 2007).  As Hua's asylum application was filed after August 2005, it is governed by the REAL ID Act of 2005.  *See, e.g.*, *Matter of S-B-*, 24 I. & N. Dec. 42, 43 (BIA 2006); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii), *as amended by* § 101(a)(3) of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 302 (2005) (discussing standard for credibility determinations).

Substantial evidence supports the agency's adverse credibility determination, which was based on: (1) inconsistencies between the supplemental declaration Hua submitted with his asylum application ("the I-589 declaration") and his testimony before the IJ; (2) internal inconsistencies in Hua's testimony before the IJ; and (3) Hua's failure to provide sufficient evidence to corroborate his testimony that Hmong Christians are being displaced from their lands by Vietnamese authorities. The IJ meticulously documented instance after instance where Hua's testimony diverged significantly from the events described in his I-589 declaration. Importantly, the details Hua omitted from his I-589 declaration were those details that reflected the alleged persecution he had suffered in Vietnam. Both the IJ and the BIA also noted several significant inconsistencies within Hua's testimony. Finally, despite having two opportunities to do so, Hua did not present *any* evidence supporting his assertion that the Central Highlands were part of a "first national defense economic zone" and that, as a consequence,

ethnic minorities like the Hmong were being systematically displaced from their lands.[1]

Because the adverse credibility determination is dispositive of Hua's asylum claim, we do not reach the agency's alternative holding that, even if credible, Hua has not established a well-founded fear of future persecution.

**PETITION DENIED.**

---

[1] A recent Human Rights Watch report appears, however, to corroborate certain aspects of Hua's testimony. *See* HUMAN RIGHTS WATCH, MONTAGNARD CHRISTIANS IN VIETNAM: A CASE STUDY IN RELIGIOUS REPRESSION (Apr. 2011), *available at* http://www.hrw.org/en/reports/2011/03/30/montagnard-christians-vietnam-0 (discussing religious repression of Central Highland Protestants, including those within a "defense economic zone"). Although this report is not in the record, it indicates that conditions in Vietnam may have worsened since 2005, when Hua filed his asylum application. Such evidence may support the filing of a new asylum application. *See* 8 C.F.R. §§ 208.4(a)(4), 1208.4(a)(4). We express no view on the merits of any such application, should one be filed.